**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-7047**

───────────

LEON JOHNSON,

            Plaintiff - Appellant,

        v.

B. MAYS, Sued in Individual Capacity; J. R. MASSINGILL, Sued in Individual
Capacity,

            Defendants - Appellees.

───────────

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  Elizabeth K. Dillon, Chief District Judge.  (7:22-cv-00342-EKD-JCH)

───────────

Submitted:  August 13, 2025                          Decided:  August 15, 2025

───────────

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit
Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Leon Jermaine Johnson, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Jermaine Johnson[*] seeks to appeal the district court's order granting summary judgment in favor of Correctional Officer B. Mays and Sergeant J. R. Massingill in this 42 U.S.C. § 1983 action and denying Johnson's motions for summary judgment, to appoint counsel, for entry of default, and to remove admissible evidence. This case returns to us after a "remand to the district court for the limited purpose of making the necessary factual findings to determine whether Johnson can show excusable neglect or good cause to extend the appeal period under [Fed. R. App. P.] 4(a)(5), or whether she can satisfy [Fed. R. App. P.] 4(a)(6)'s requirements warranting reopening of the appeal period." *Johnson v. Mays*, No. 24-7047, 2025 WL 689402, at *1 (4th Cir. Mar. 4, 2025). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, unless the district court extends the appeal period under Rule 4(a)(5) or reopens the appeal period under Rule 4(a)(6). When the appellant is incarcerated, however, "the notice is timely if it is deposited in the institution's mail system on or before the last day for filing and . . . accompanied by . . . a declaration . . . [under penalty of perjury] or a notarized statement[] setting out the date of deposit and stating that first-class postage is being prepaid" or a

---

[*] Johnson is transgender and refers to herself using feminine pronouns. We do so also.

2

postmark, date stamp, or other evidence establishing timely deposit. Fed. R. App. P. 4(c)(1)(A); *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule).

The district court entered its order on September 6, 2024, and the appeal period expired on October 7, 2024. On remand, the district court gave Johnson an opportunity to file any argument or evidence in support of extending or reopening the appeal period, but Johnson did not file any response to the court's order. The district court therefore concluded that the facts before it did not warrant extending or reopening the appeal period. Because Johnson failed to file a timely notice of appeal or obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*